Filed 11/02/09     Case 09-91356

FILED
November 02, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002194359

4

WILLIAM G. MALCOLM, #129271
KEVIN HAHN, #231579
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California 92612
Phone: (949) 252-9400
Facsimile: (949) 252-1032

Attorneys for Movant

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, MODESTO DIVISION

| | |
|---|---|
| In re<br><br>Kimberly Welch,<br><br>             Debtor.<br>_____<br>FV-1 in trust for Morgan Stanley Mortgage Capital Holdings LLC, and its successors and/or assignees,<br><br>             Movant,<br><br>vs.<br><br>Kimberly Welch, Debtor, and Russell D. Greer, Trustee,<br><br>             Respondents.<br>_____ | Bankruptcy Case No. 09-91356<br><br>Docket Control No. WGM-1<br><br>Chapter 13<br><br><br>HEARING DATE:<br>DATE:   November 16, 2009<br>TIME:   2:00 pm<br>CTRM:  A |

<u>FV-1'S MOTION FOR RELIEF FROM AUTOMATIC STAY ON REAL PROPERTY (5016 Tamara Way, Salida, CA 95368); MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE</u>

**TO THE HONORABLE MICHAEL S. MCMANUS, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

        **PLEASE TAKE NOTICE** that FV-1 in trust for Morgan Stanley Mortgage Capital Holdings LLC, and its successors and/or assignees ("FV-1"), has filed the attached Motion For

MOTION FOR RELIEF
GP/SMS/m45761

1

Relief From The Automatic Stay (the "Motion") in the above-entitled and numbered Chapter 13 case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTORY STATEMENT

FV-1 requests the Court to grant it relief from the automatic stay because the Debtor has failed to make post-petition payments.

### II.

### STATEMENT OF FACTS

1. **The Secured Debt.** On or about August 17, 2005, Kimberly Welch made and delivered a Promissory Note in the original principal amount of $286,000.00, secured by a First Priority Deed of Trust on the Property commonly known as 5016 Tamara Way, Salida, CA 95368 ("Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "1" and "2," respectively.

2. **The Default Under The Note.** The Note and Deed of Trust are post-petition due for the September 1, 2009 payment. As a result of the contractual default, FV-1 desires to record a Notice of Default and Election To Sell against the Property. The total delinquency under the Note is set forth in detail on Exhibit "3" to the Motion.

3. **The Debtor's Interest In The Property.** The Debtor is the owner of record of the Property.

4. **The Filing Of The Instant Petition.** On or about May 12, 2009, Kimberly Welch filed the instant Chapter 13 Petition as Case No. 09-91356.

5. **The Post-Petition Delinquency.** The Debtor has failed to make post-petition payments that have come due. The total post-petition delinquency is set forth below:

| | | | |
|---|---|---|---:|
| 2 | Payments at $1,761.12 = | $ | 3,522.24 |
| | Late charges at $0.00 = | $ | 0.00 |
| | Suspense Balance = | $ | (0.63) |
| | **Total "Post-Petition" Balance Due:** | $ | **3,521.61** |

1 <u>See</u> Also the Declaration attached hereto. A letter was faxed to the Debtor's attorney notifying
2 him/her of the above default. A true and correct copy of the letter is attached as Exhibit "4."

6. **The Total Indebtedness Under The Note.** The total indebtedness owed to FV-1, exclusive of attorneys' fees, is as follows:

| | |
|---|---:|
| Principal Balance: | $ 285,863.57 |
| Interest Accrued from August 1, 2009 to October 6, 2009 | $ 3,286.94 |
| Total Fees: | $ 94.00 |
| Late Charges: | $ 51.80 |
| **TOTAL:** | **$ 289,296.31** |

7. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECURED CREDITOR | LIEN AMOUNT |
|---|---:|
| 1. FV-1 (1st trust deed) | $ 289,296.31 |
| 2. CitiMortgage (2nd Trust deed) | $ 39,545.26 |
| **TOTAL** | **$ 328,841.57** |

8. **The Value Of The Property.** By the Debtor's own admission, the Property has a fair market value of only $150,000.00. True and correct copies of the Debtor's Schedules A and D are attached hereto as Exhibit "5."

### III.

### THE AUTOMATIC STAY SHOULD BE TERMINATED
### BASED ON THE DEBTOR'S FAILURE TO MAKE
### POST-PETITION PAYMENTS.

Ninth Circuit case law clearly sets forth the duty of a Chapter 13 Debtor to maintain post-petition contractual installment payments to secured lenders as a condition for eligibility for Chapter 13 relief. In <u>In re Gavia</u>, 24 B.R. 573 (Bankr. 9th Cir. 1982), the Bankruptcy Appellate Panel held that the Debtor who lacks sufficient regular income to enable them to maintain current contractual installment payments as well as payments under a Chapter 13 Plan are ineligible for

1 Chapter 13 relief.

2 In <u>In re Ellis</u>, 60 B.R. 432 (Bankr. 9th Cir. 1986), the Bankruptcy Appellate Panel held that post-confirmation defaults on payments to secured lenders constitutes cause for terminating the automatic stay under Section 362(d)(1), and that it is the Debtor's burden to show that no cause exists.

As set forth in the Motion herein, and in the Declaration attached hereto, the stay should be terminated immediately based on the Debtor's failure to make the regular monthly post-petition payments in the instant case. <u>See</u> the Declaration attached hereto.

### IV.

### CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow FV-1 to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 10-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure. Furthermore, FV-1 is specifically requesting the Court to award Movant's attorneys fees and costs incurred in connection with this matter.

DATED: November 2, 2009                    Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation

By: <u>/s/ William G. Malcolm</u>
    WILLIAM G. MALCOLM
    Attorneys for Movant